# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|                                      | )                              |
|--------------------------------------|--------------------------------|
| **CAMILLA YOUNGER,**                 | )                              |
|      Plaintiff,                      | )                              |
|      v.                              | ) Civil Action No. 13-1296 (RMC) |
| **DISTRICT OF COLUMBIA PUBLIC SCHOOLS**, *et al.*, | )            |
|      Defendants.                     | )                              |

## MEMORANDUM OPINION

Plaintiff Camilla Younger is pursuing a claim of employment discrimination on the basis of age under the Age Discrimination in Employment Act 19 U.S.C. §§ 621 *et seq.* (2012) (ADEA) against Defendant District of Columbia Public Schools (DCPS). Ms. Younger claims that she was not transferred to a position as a part-time art teacher and attendance officer by Principal Tanisha Williams-Minor because of her age. DCPS denies Ms. Younger's claim and asserts that Ms. Younger was not transferred for a legitimate non-discriminatory business reason. This case is scheduled for trial beginning on August 22, 2018. Prior to trial, DCPS filed a motion in limine asking the Court to exclude each of the exhibits offered by Ms. Younger, exclude testimony or evidence related to her termination by DCPS, and make a finding that Ms. Younger is not entitled to compensatory damages due to her termination in August 2010. Ms. Younger did not file an opposition to the motion in limine, but counsel for Ms. Younger addressed some of the arguments at the pretrial conference held on August 14, 2018. For the foregoing reasons, the Court will permit Ms. Younger to present testimony and evidence only related to the attempted transfer to the Youth Engagement Academy and will exclude any testimony and evidence related to her termination. The Court also finds that Ms. Younger can be

awarded only a declaratory judgment and nominal damages if she proves her case at trial because of her termination by DCPS in August 2010.

## I. FACTS

Ms. Younger served DCPS as a dual-certified art teacher and attendance officer from 1992 to 2010. Prior to the 2008-2009 school year, Ms. Younger taught full-time at Woodson Senior High School (WSHS). Am. Compl. [Dkt. 2] ¶ 34. Starting in 2007, Ms. Younger also taught part-time as an evening art teacher at Roosevelt Senior Alternative High School (Roosevelt STAY). Ex. 1, Mot. for Summ. J., Deposition of Camilla Younger (Younger Dep.) [Dkt. 58-1] at 93:8-11. After the 2007-2008 school year, WSHS was closed and its students were transferred to temporary locations. Am. Compl. ¶ 34. Ms. Younger asked to be transferred to a temporary high school location, but was instead moved to Woodson Ninth Grade Academy, located inside Ron Brown Middle School. *Id*.

Ms. Younger's experience at Woodson Ninth Grade Academy was not ideal. She alleges multiple instances of physical altercations with students during the 2008-2009 school year, *see id*. ¶¶ 39-40, and states that she submitted incident reports to DCPS regarding these events. *Id*. ¶ 40. At the end of the 2008-2009 school year, when DCPS teachers could apply to transfer to new schools, Ms. Younger applied and was accepted for a position at another school. *Id*. ¶ 41. However, Darrin Slade, Principal of Woodson Ninth Grade Academy, convinced Ms. Younger to return to Woodson Ninth Grade Academy and assured her that he would authorize an immediate transfer if her working conditions did not improve. *Id*.

Ms. Younger alleges that her working conditions worsened in the next school year. *See id*. ¶ 42; *see also* Ex. 2, Mot. for Summ. J. [Dkt. 58-1] (Sept. 1, 2009 Report of Injury). Ms. Younger states that she asked Principal Slade for an immediate transfer and applied for workers' compensation following a September 1, 2009 altercation, with the hope of receiving a

reasonable accommodation that would allow her to continue working at Woodson Ninth Grade Academy. Am. Compl. ¶¶ 43-44. In early October 2009, Ms. Younger stopped reporting for work at Woodson Ninth Grade Academy, but she continued to teach at Roosevelt STAY during the evening. Ms. Younger did not return to the Woodson Ninth Grade Academy for the remainder of the 2009-2010 school year.

During the summer of 2010, Ms. Younger interviewed with several DCPS principals for a new position. Among those with whom she talked was Tanisia Williams-Minor, Principal at the Youth Engagement Academy. *Id*. ¶ 45. Ms. Younger alleges that after her interview with Principal Williams-Minor,[1] she was offered a part-time position as art teacher at the Youth Engagement Academy. *Id*. Ms. Younger further alleges that Principal Williams-Minor withdrew the transfer offer after she learned of Ms. Younger's age. *Id*.

DCPS argues that Ms. Younger was never offered a position at the Youth Engagement Academy. Because Principal Williams-Minor either withdrew or did not offer a position to Ms. Younger, and it was too late to apply to transfer elsewhere, Ms. Younger was unable to transfer to a new school before the 2010-2011 school year.

Principal Slade learned in August 2010 that Ms. Younger had continued to teach at Roosevelt STAY during the period she claimed she was unable to return to Woodson Ninth Grade Academy. On August 16, 2010, Ms. Younger received a notice of termination from the Director of Labor Management and Employee Relations at DCPS, which stated that she would be terminated effective August 27, 2010. *See* Ex. 6, Mot. for Summ. J., Notice of Termination [Dkt. 58-1].

---

[1] Because each principal was involved in different allegedly discriminatory acts, the Court will distinguish Principal Slade and Principal Williams-Minor throughout.

After exhausting her administrative remedies, and acting *pro se,* Ms. Younger filed a Complaint on August 27, 2013, *see* Compl. [Dkt. 1], and an Amended Complaint shortly thereafter, *see* Am. Compl. On July 25, 2014, the Court granted in part and denied in part Defendants' Motion to Dismiss, dismissing all claims except Count 1, which alleges that DCPS discriminated against Ms. Younger due to her age when Principal Williams-Minor withdrew or refused to grant her a transfer and when Principal Slade discharged her; and Count 5, alleging that DCPS retaliated against Ms. Younger for pursuing her workers' compensation claim. *See Younger v. DCPS* (*Younger I*), 60 F. Supp. 3d 130 (D.D.C. 2014). On July 21, 2017, after lengthy discovery, the Court granted in part and denied in part a motion for summary judgment by DCPS and granted summary judgment in favor of DCPS on Count 5, allowing only Count 1 to proceed to trial. *See Younger v. DCPS* (*Younger II*), No. 13-1296, 2017 WL 3129733 (D.D.C. July 21, 2017).

DCPS filed the instant Motion in Limine on May 25, 2018. *See* Mot. in Limine [Dkt. 80]. It is ripe for review.

## II. LEGAL STANDARDS

Evidence is admissible at trial if it is relevant and not more prejudicial than probative. General relevance is covered by Rule 401 of the Federal Rules of Evidence. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 403. Rule 402 states that "[i]rrelevant evidence is not admissible." Fed. R. Evid. 402.

However, relevance does not end the determination at trial. Relevant evidence may also be excluded for "prejudice, confusion, waste of time, or other reasons." Fed. R. Evid. 403 ("The court may exclude relevant evidence if its probative value is substantially outweighed

4

by a danger of one or more of the following: unfair prejudice, confusing the issue, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.").

### III. ANALYSIS

DCPS moves in limine for the Court to (1) exclude all of Ms. Younger's exhibits as irrelevant and/or prejudicial to DCPS; (2) exclude any and all evidence or testimony related to Ms. Younger's termination as irrelevant; and (3) make a finding that Ms. Younger is not entitled to backpay or frontpay damages due to her lawful termination in August 2010.

The only claim remaining to be decided at trial is Count 1, alleging that DCPS failed to transfer Ms. Younger to a position at the Youth Engagement Academy because of her age. Therefore, only evidence (exhibits and testimony) related to Ms. Younger's request for transfer, interview for the position at the Youth Engagement Academy, and the decision not to approve the transfer will be admitted. This Court previously held that Ms. Younger's termination by DCPS was lawful and, therefore, that claim will not be presented at trial. Neither party may present evidence or testimony related to Ms. Younger's termination as it is not relevant.

DCPS also challenges Ms. Younger's right to receive a damages award, even if a jury finds age discrimination in the refusal to transfer her to the Youth Engagement Academy. Compensatory damages in cases alleging discrimination because of age can only include backpay and frontpay and cannot include pain and suffering. *See Comm'r v. Schleier*, 515 U.S. 323, 325-26 (1995) ("ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress."). Therefore, if Ms. Younger is ineligible for backpay or frontpay damages, no compensatory damages may be awarded by the jury on Count 1.

This Court has already found that "Ms. Younger has conceded that her claims involving [her termination] cannot be proved." *Younger II*, 2017 WL 3129733, at *5. Therefore,

the propriety of Ms. Younger's termination by DCPS in August 2010 will no longer be contested in the upcoming trial. Ms. Younger's immediate age discrimination claim rests on the theory that she was unlawfully denied a transfer to the Youth Engagement Academy in July 2010. Even if a jury finds that Ms. Younger's transfer was denied because of her age, she was terminated in August 2010 for separate reasons and was paid by DCPS through her termination. Because Ms. Younger's termination by DCPS occurred after the potential transfer date, and Ms. Younger was paid in full until her termination, there is no period during which Ms. Younger would have been employed with DCPS but-for age discrimination for which she has not already received compensation. Therefore, Ms. Younger is not entitled to compensatory damages. If a jury finds age discrimination, it may award only nominal damages.

## IV. CONCLUSION

The Court will grant in part and deny in part DCPS's motion in limine. The Court will permit Ms. Younger to present testimony and evidence related to the attempted transfer to the Youth Engagement Academy and will exclude any testimony and evidence related to her termination. The Court will also limit Ms. Younger to nominal damages because her termination makes her ineligible for compensatory damages. A memorializing Order accompanies this Memorandum Opinion.

Date: August 21, 2018

ROSEMARY M. COLLYER
United States District Judge