UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CAMILLA YOUNGER, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DISTRICT OF COLUMBIA PUBLIC ) <br> SCHOOLS, *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Civil Action No. 13-1296 (RMC) |

## MEMORANDUM OPINION

Defendant District of Columbia Public Schools (DCPS) moves—just before the fourth rescheduled trial date, in a case that has been pending since 2013, and over a year after the Court entered its order on DCPS's Motion for Summary Judgment—to dismiss the sole remaining claim as moot because Plaintiff Camilla Younger is not entitled to any compensatory damages on the remaining claim. DCPS argues that Ms. Younger is only entitled to a jury trial if she has a claim for damages.

## I. FACTS

The facts have been laid out in detail in three prior opinions in this case and will only be briefly summarized here. *See Younger v. DCPS* (*Younger I*), 60 F. Supp. 3d 130 (D.D.C. 2014); *Younger v. DCPS* (*Younger II*), No. 13-1296, 2017 WL 3129733 (D.D.C. July 21, 2017); *Younger v. DCPS* (*Younger III*), No. 13-1296, 2018 WL 3995875 (D.D.C. Aug. 21, 2018). Ms. Younger served DCPS as a dual-certified art teacher and attendance officer from 1992 to 2010. Due to physical altercations that occurred while she was teaching at Woodson Ninth Grade Academy, a DCPS school, Ms. Younger took extended leave in early October 2009 and stopped reporting for work at the Academy; however, she continued to teach at Roosevelt STAY, another

DCPS school, during the evening. Ms. Younger did not return to the Woodson Ninth Grade Academy for the remainder of the 2009-2010 school year.

During the summer of 2010, Ms. Younger applied and was interviewed for a part-time position as an art teacher at the Youth Engagement Academy, a DCPS school. Ms. Younger alleges that after her interview with Principal Tanisha Williams-Minor of the Youth Engagement Academy, she was offered a part-time position as art teacher there. Ms. Younger further alleges that Principal Williams-Minor withdrew the transfer offer after she learned Ms. Younger's age. DCPS argues that Ms. Younger was never offered a position at the Youth Engagement Academy.

On August 16, 2010, Ms. Younger received a notice of termination from the Director of Labor Management and Employee Relations at DCPS, which stated that she would be terminated effective August 27, 2010. *See* Ex. 6, Mot. for Summ. J., Notice of Termination [Dkt. 58-1].

Other than her claim of age discrimination in the failure to transfer her to the Youth Engagement Academy, all of Ms. Younger's claims have been dismissed. *See Younger I*, 60 F. Supp. 3d 130; *Younger II*, 2017 WL 3129733. This matter was initially scheduled for trial in January 2018 and was continued four times at the parties' various requests until it was set for trial on September 11, 2018. After briefing on DCPS's Motion in Limine, the Court issued a Memorandum Opinion and Order on August 21, 2018 and held that Ms. Younger is not entitled to compensatory damages for any violation of her rights that may be found on the failure to transfer. *See Younger III*, 2018 WL 3995875.

DCPS now moves to dismiss this last remaining claim as moot because no damages are available. *See* Def. District of Columbia's Trial Br. [Dkt. 89]. Ms. Younger

expressed her opposition in open court and filed an opposition, which will be filed on the docket. The motion is ripe for review.

## II. ANALYSIS

*Younger II* concluded that genuine disputes of material facts prevented a ruling on the papers concerning the denial of Ms. Younger's requested transfer and DCPS's motion for summary judgment was denied on that claim. *See Younger II*, 2017 WL 3129733. Younger III held that Ms. Younger was not entitled to compensatory damages even if she prevailed at trial on her failure to transfer claim. *See Younger III*, 2018 WL 3995875. DCPS now moves for the Court to find that this remaining claim is moot because Ms. Younger is not entitled to damages and, therefore, is not entitled to a jury trial.

DCPS cites a few cases for the proposition that an Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq*. (2012), claim is mooted when a plaintiff has no compensatory damages. The Court finds that none are dispositive of Ms. Younger's right to a trial. For instance, *McLaren v. Emory Univ.*, 705 F. Supp. 563 (N.D. Ga. 1988), held that the plaintiff, who suffered no lost wages from the alleged discrimination, was not entitled to recover "damages in lieu of liquidated damages" and, therefore, was not entitled to a jury trial. *Id*. at 568; *see also* 29 U.S.C. § 626(c)(2) ("[A] person shall be entitled to a trial by jury of any issue of fact in any such action for recovery of amounts owing as a result of a violation of [ADEA], regardless of whether equitable relief is sought by any party in such action."). The *McLaren* court reasoned that because ADEA does not permit damages for non-pecuniary losses, such as pain and suffering, the plaintiff could not be awarded some other amount of damages in lieu of liquidated damages. *McLaren*, 705 F. Supp. at 566-67; *see also Comm'r of Internal Revenue v. Schleier*, 515 U.S. 323, 325-26 (1995) ("ADEA does not permit a separate recovery of compensatory damages for pain and suffering or emotional distress."). Additionally, *McLaren*

3

found that permitting other non-pecuniary damages would "[d]estroy[] the incentive to conciliate" because employers could not predict a possible loss amount at trial. *McLaren*, 705 F. Supp. at 567.

This Court agrees that an ADEA plaintiff is not entitled to non-pecuniary compensatory damages, but clearly, equitable damages are available, such as declaratory judgment, a verdict, or nominal money damages. *See Schleier*, 515 U.S. at 326; 29 U.S.C. § 626(c)(2). However, the Court does not agree that such an award would destroy the parties' incentives to conciliate. Assuming an employer knows the total backpay potentially owed to a plaintiff, the possibility of an additional "nominal" amount of damages being awarded would not alter the incentives to reach a settlement agreement. *McLaren* does not stand for the proposition that without money damages a plaintiff is not entitled to any trial or that her claim is mooted, but only holds that such a plaintiff is not entitled to a trial by jury.

DCPS also cites *Johnson v. District of Columbia*, an unpublished 2017 decision by the United States Court of Appeals for the District of Columbia Circuit. 688 F. App'x 4 (D.C. Cir. 2017). DCPS argues that *Johnson* decided that an ADEA claim is mooted when no damages are available. The Circuit found, however, that a plaintiff's claim was *not* mooted when "additional remedies" were available, "including, for example, liquidated damages." *Id*. at 7. The Circuit did not list all the potential "additional remedies" that might be available and did not specifically address the availability of a favorable verdict or nominal damages. The Circuit also did not address the possibility of a bench trial in instances where no amounts are owed, which appears to be contemplated by the statute itself.[1]

---

[1] *Meyers v. I.B.M. Corp.*, 335 F. Supp. 2d 405 (S.D.N.Y. 2004), also cited by DCPS, found its plaintiff's ADEA claim mooted because "the Plaintiff has not suffered any economic damage." *Id*. at 412. This Court respectfully disagrees.

ADEA states that a plaintiff is entitled to a jury trial when there are "amounts owing." 29 U.S.C. § 626(c)(2). Nominal damages are not "amounts owing" because they are awarded only when a plaintiff has no actual damages. As this Court previously held, Ms. Younger is not owed any amounts of back pay; therefore, she is not entitled to a jury trial, but will be permitted to proceed with her claim via a bench trial as scheduled to begin September 11, 2018.

DCPS would also have the Court find that nominal damages are not permitted in ADEA cases. Although the statute does not specifically list nominal damages as a potential remedy, some courts have permitted nominal damages awards in ADEA cases. *See, e.g.*, *Berg v. Auto Nation, Inc.*, 212 F. App'x 668, 669 (9th Cir. 2006) (affirming award of nominal damages and attorney fees in ADEA case); *Petrunich v. Sun Bldg. Sys., Inc.*, 625 F. Supp. 2d 199, 204 (M.D. Pa. 2008) (awarding "nominal damages of $1.00"); *Poland v. Chertoff*, 559 F. Supp. 2d 1127, 1131-32 (D. Or. 2008) (finding "the vindication of [plaintiff's] right to be free from such discrimination justifies an award of nominal damages"); *Grimes v. City of Fort Valley*, 773 F. Supp. 1536, 1538 (M.D. Ga. 1991) (awarding "nominal damages and attorney's fees as required by the ADEA"). This Court will permit an award of nominal damages if Ms. Younger prevails after a bench trial.

## IV. CONCLUSION

The Court will grant in part and deny in part DCPS's motion. The trial beginning on September 11, 2018 will be converted from a jury trial to a bench trial. A memorializing Order accompanies this Memorandum Opinion.

Date: September 7, 2018

ROSEMARY M. COLLYER
United States District Judge